# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KIARALIZ COLLAZO**
**And all others similarly situated,**

                                                                            **Case Number:**

    **Plaintiffs,**

**v.**

**EURO NAILS & SPA, INC.,**

    **Defendant.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiffs, by and through their undersigned counsel, hereby bring this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

### Parties

2. Plaintiff, Kiaraliz Collazo, is a resident of Osceola County, Florida.

3. Defendant, Euro Nails & Spa, LLC, operates as a nail salon in Osceola County, Florida.

4. Plaintiff was employed by Defendant as a nail technician from approximately June 2022 until October 2022.

## Jurisdiction

5. Plaintiff. Kiaraliz Collazo, resides in Osceola County, Florida.

6. Defendant conducts business in Osceola County, Florida.

7. Defendant employed Plaintiffs in Osceola County, Florida.

8. All events giving rise to this action occurred in Osceola County, Florida.

## Facts

9. Defendant employed Plaintiffs as nail technicians.

10. Plaintiffs were non-exempt employee paid on an hourly basis.

11. Plaintiffs were employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant is a nail salon and provides related services in Osceola County, Florida.

13. During Plaintiffs' employment with Defendant, Plaintiffs received paychecks from Defendant.

14. At all times during Plaintiffs' employment, Plaintiffs were classified as "independent contractors" and were not paid overtime wages when they worked more than 40 hours per week.

15. Despite the title of "independent contractor," Defendant controlled Plaintiffs' schedules and ordered Plaintiffs to work in Defendant's salon 40 or more hours per week.

16. Defendant forced Plaintiffs to be physically present in the salon even when Plaintiffs did not have clients and did not otherwise need to be in the salon.

17. Defendant did not allow Plaintiffs to work on their own schedule and instead created schedules for Plaintiffs and ordered Plaintiffs to follow the schedule Defendant created.

18. Defendant did not allow Plaintiffs to take time off from working in the salon unless Plaintiffs made a request to Defendant's owner and the request was then approved.

19. Defendant created schedules and gave the schedules to Plaintiffs.

20. Defendant required Plaintiffs to arrive at Defendant's salon at 9:00 AM and did not allow Plaintiffs to leave until 7:00 PM.

21. Defendant required Plaintiffs work 6 days per week.

22. Plaintiffs routinely worked more than 40 hours per week for Defendant at Defendant's specific request and behest.

23. Defendants did not pay Plaintiffs overtime wages when Plaintiffs worked more than 40 hours in a single workweek.

24. Plaintiffs regularly worked more than 50 hours per week.

25. Plaintiffs were not subject to any overtime exemptions.

26. Defendant engaged in an illegal policy of requiring Plaintiffs to work 50 or more hours in many workweeks of their employment and did not pay Plaintiffs premium wages for all hours worked beyond 40 in a single workweek.

27. Defendant failed to pay Plaintiffs at one-and-one-half-times their regular rate for all hours worked beyond 40 in a single workweek.

28. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiffs premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiffs without compensating Plaintiffs for the work provided.

29. Specifically, Defendant suffered and permitted Plaintiffs to more than 40 hours during single workweeks but paid Plaintiffs their regular hourly rate instead of the higher, overtime rate.

30. The overtime work performed by Plaintiffs was worked in Defendant's facility in full view of Defendant's employees and managers.

31. Defendant was required to compensate Plaintiffs at a rate of at least one-and-one-half times their regular rate for all hours worked beyond 40 in a single workweek.

32. As of this date, Plaintiffs still have not been paid premium wages for all hours worked beyond 40 in a single workweek.

33. Plaintiffs seek full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiffs at least one-and-one-half times their regular rate was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

34. Defendant is a for-profit corporation that operates and conducts business in, among others, Osceola County Florida, and is therefore, within the jurisdiction of the Court.

35. Defendant, at all relevant times to this complaint, was Plaintiffs employer as defined by 29 U.S.C. § 203(d). Plaintiff regularly processed credit card transactions which required communication with out-of-state banks. Additionally, Plaintiffs regularly used products, goods, and materials that originated out of state and were delivered to Florida to be sold to Defendant's customers.

36. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

37. The Court has jurisdiction over Plaintiffs' claims as material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

38. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the nail salon and spa industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

39. At all material times relevant to this action, Plaintiffs in their capacity as a nail technicians, were individually covered by the FLSA as the regularly handled goods and materials that traveled to Florida from other states.

40. Plaintiffs did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiffs did not implement legal compliance measures.

41. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during their employment.

42. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiffs during each week of his employment.

43. However, Plaintiffs allege that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

44. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## **COUNT I – RECOVERY OF OVERTIME WAGES**

43. Plaintiffs reincorporate and readopts all allegations contained within Paragraphs 1-44, above.

44. Plaintiffs were employed by Defendant and was, at all times, protected by the FLSA.

45. Plaintiffs was an hourly, non-exempt employees.

46. Plaintiffs were entitled to receive one-and-one-half times their regular rate for all hours worked beyond 40 in a single work week.

47. Plaintiffs regularly worked beyond 40 hours in a single workweek.

48. Defendant engaged in an illegal policy of not paying Plaintiffs premium wages for all hours worked beyond 40 in a single work week.

49. Plaintiffs were damaged as a result of Defendant's failure to pay Plaintiffs premium wages for all hours worked beyond 40 in a single workweek.

50. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

51. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 23rd day of January, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com