## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KIARALIZ COLLAZO,

     Plaintiff,

     v.

EURO NAILS & SPA KISSIMMEE,
INC.,

     Defendant.

Case No. 6:23-cv-114-RMN

## <u>REPORT AND RECOMMENDATION</u>

This cause comes before the Court on review of the Proposed Consent to a Magistrate Judge (Dkt. 41), filed September 11, 2023 ("Proposed Consent"). Upon review and for the reasons discussed below, I respectfully believe the Proposed Consent to be inadequate and the Court's Order approving jurisdiction to be ineffective.

On January 25, 2023, Plaintiff Kiaraliz Collazo and all others similarly situated filed an Amended Complaint against Defendant Euro Nails & Spa Kissimmee, Inc., alleging violations of the Fair Labor Standards Act ("FLSA"). Dkt. 1. On February 24, 2023, Glorimar Pascual filed a Consent to Join Collective Action (Dkt. 20), which made him an additional named Plaintiff. *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("[T]hose

who opt in [to a FLSA collections action] become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.").

Then, on September 11, 2023, the parties filed a Proposed Consent. Dkt. 41. The Proposed Consent was executed by Plaintiff Collazo and Defendant, not Plaintiff Pascual. *Id.* at 2. Under 28 U.S.C. § 636(c), all parties must consent to a magistrate judge exercising jurisdiction to conduct any and all proceedings, and order the entry of judgment, in a civil matter. *See McNab v. J & J Marine, Inc.*, 240 F.3d 1326, 1328 (11th Cir. 2001) (the statute "permits a magistrate judge, upon special designation by the district court *and the consent of all of the parties*, to conduct any or all proceedings in a civil matter and enter a final judgment.") (emphasis in original).[1] Thus, because the Proposed Consent here was not executed by Plaintiff Pascual, and there is no other evidence of Plaintiff Pascual's consent, the Court's Order Approving Jurisdiction (Dkt. 43) seems to be ineffective. *See Roell v. Withrow*, 538 U.S. 580 (2003); *see cf. Burton v. Schamp*, 25 F.4th 198, 211–12 (3d Cir. 2022) ("[W]e

---

[1] I recognize that *McNab* relied on cases from the Eleventh Circuit that required parties to expressly consent on the record, and that cases standing for the proposition are inconsistent with the Supreme Court's subsequent decision in *Roell*. *See, e.g., Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) (recognizing *Roell* rejected the Eleventh Circuit' bright-line approach to consent). But *McNab's* reference to the "consent of all of the parties" is based on the language of the statute and consistent with the holding in *Roell*. *See McNab*, 240 F.3d at 1327 (quoting 28 U.S.C. § 636(c)(1)).

hold that defendants' post-judgment consent could not satisfy the requirements of Section 636(c)(1)").

On October 18, 2023, I held a hearing with the parties and discussed this issue, as well as the settlement jointly proposed by the parties. Dkt. 46. I informed the parties about the concerns raised above and directed them, if they still wish to consent to my jurisdiction, to file a new consent executed by all parties.

Accordingly, I respectfully **RECOMMEND** that the Court:

1.     **VACATE** its Order Approving Jurisdiction (Dkt. 43); and

2.     **DIRECT** the parties to file a revised Proposed Consent to a Magistrate Judge on or before October 25, 2023, if they wish to consent to my jurisdiction.

## <u>NOTICE TO PARTIES</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See*

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1. If the parties do not intend to object, then they should file a notice so stating if they would like the Court to act before the expiration of these deadlines.

**Entered** in Orlando, Florida, on October 18, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record