UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIARALIZ COLLAZO,

    Plaintiff,

v.                                                     Case No. 6:23-cv-114-RBD-RMN

EURO NAILS & SPA KISSIMMEE,
INC.,

    Defendant.
_____

## ORDER

In this Fair Labor Standards Act ("FLSA") putative collective action, the named Plaintiff and Defendant moved for approval of their settlement agreement and subsequently filed a notice consenting to the jurisdiction of the magistrate judge to handle the settlement approval. (Docs. 39, 41.) But prior to that notice, one additional opt-in plaintiff had filed a consent to join the putative collective; that opt-in plaintiff's name was not listed on the consent to the magistrate judge. (Doc. 20; *see* Doc. 41.) So U.S. Magistrate Judge Robert M. Norway entered a Report and Recommendation advising that the Court should require the parties to file a new consent with the opt-in plaintiff's signature added. (Doc. 49 ("R&R").) The parties did not object—and indeed quickly filed a new consent with the opt-in plaintiff's name in accordance with the R&R (Doc. 52)—so the Court examines the

R&R for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). In the absence of clear error and given the lack of objection, the Court will adopt the R&R. *See* 28 U.S.C. § 636. That said, the Undersigned does not take the position that opt-in plaintiffs to a putative FLSA collective are required to affirmatively consent to the magistrate judge. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (permitting a more flexible approach to accepting implied consent to a magistrate judge's jurisdiction); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) (noting that once an individual opts into a 29 U.S.C. § 216(b) putative collective action they become a class member); *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1316–17 (11th Cir. 2013) (holding that class members' consent is not required for magistrate judge jurisdiction under § 636 because they are then bound by the class representative's authority).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The R&R (Doc. 49) is **ADOPTED** in the absence of objection as set forth above.

2. In an abundance of caution, the Court will separately file an approval of the most recent consent (Doc. 52).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 1, 2023.



ROY B. DALTON, JR.
United States District Judge