UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIARALIZ COLLAZO,

    Plaintiff,

v.

EURO NAILS & SPA KISSIMMEE, INC.,

    Defendant.

Case No. 6:23-cv-114-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the parties' renewed Joint Motion for Approval of Settlement and Dismissal with Prejudice (Dkt. 56), filed November 6, 2023 ("Motion"). Upon consideration, the Motion is due to be granted.

## I. BACKGROUND

On January 25, 2023, Plaintiffs Kiaraliz Collazo and all others similarly situated[1] filed an Amended Complaint against Defendant Euro Nails & Spa Kissimmee, Inc., alleging violations of the Fair Labor Standards Act ("FLSA").

---

[1] On February 24, 2023, Glorimar Pascual filed a Consent to Join Collective Action (Dkt. 20), making them an additional Plaintiff in this action. *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("[T]hose who opt in [to a FLSA collections action] become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.").

Dkt. 6. Plaintiff Collazo alleges she worked from June 2022 to October 2022, as a Nail Technician for Defendant. *Id.* at ¶ 4. Plaintiff alleges that she regularly worked more than forty hours per week and Defendant did not pay them overtime wages for the hours worked in excess of forty hours per week. *Id.* at ¶¶ 22–23.

On September 8, 2023, the parties filed a Joint Motion for Approval of Settlement and Dismissal with Prejudice (Dkt. 39), which the Court held a hearing on (Dkt. 46) and denied for the reasons stated on the record at the hearing (Dkt. 48).

Recently, on November 6, 2023, the parties filed a renewed Joint Motion for Approval of Settlement and Dismissal with Prejudice. Dkt. 56. The parties inform the Court that they have negotiated a settlement of Plaintiffs' claim. Under the terms of the settlement agreement, Plaintiffs will receive $5,000 for their alleged unpaid wages and $1,000 as additional consideration for a general release, confidentiality clause, and non-disparagement clause. Dkt. 56 at 2; Dkt. 56-1 at ¶ 2(a)–2(d). Plaintiffs' counsel will receive $4,000.00 for attorney's fees and costs. Dkt. 56-1 at ¶ 2(e). The parties ask the Court to approve the FLSA settlement agreement.

## II.  LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a

private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of [Plaintiff's] success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. Any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III.  ANALYSIS

### A.  The proposed settlement is fair and reasonable.

In *Lynn's Food Stores*, the Eleventh Circuit concluded the FLSA requires a court to determine whether a plaintiff's compromise of their FLSA claims is fair and reasonable. 679 F.2d at 1354–55. Plaintiffs were unable to give a precise number of overtime hours worked or the amount they estimate they are owed. *See* Dkt. 6 ¶ 42. But it appears that the parties contend that the recovery is a compromise based on the compensation proposed and Defendant's substantial defense of believing Plaintiffs are independent contractors. Dkt. 56 at 6.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 56 at 2. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 3. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiffs compromised the amount of their original claims, the Court finds the settlement amount fair and reasonable. The Court therefore finds the consideration being paid to Plaintiffs to resolve their FLSA claim is fair and reasonable.

B.  **The revised agreement makes clear that additional consideration is being given in exchange for the general release, confidentiality clause, and non-disparagement clause.**

The revised Settlement Agreements contains a general release. *See* Dkt. 56-1 ¶ 4. In this district, general releases are generally not accepted, or accepted only if there is sufficient detail provided about other claims. *See Lowe v. NewQuest, LLC*, No. 8:21-CV-2320-TPB-JSS, 2022 WL 1721195, *2 (M.D. Fla. May 11, 2022), *report and recommendation adopted*, No. 8:21-CV-2320-TPB-JSS, 2022 WL 1720833 (M.D. Fla. May 27, 2022) (finding general release impermissible and citing other cases in this district with same result).

Additionally, the Settlement Agreement contains a confidentiality clause and a non-disparagement clause. *See* Dkt. 56-1 ¶¶ 8, 9. "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Lowe*, WL 1721195 at *3 (citation omitted). "Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them." *Id.* (citation omitted).

However, judges in this district have approved settlement agreements when the employees received additional consideration in exchange for concessions—like general releases, confidentiality clauses, and non-

disparagement clauses—when "they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties." *Yanosik v. Amazulu Transp. Inc.*, No. 217CV385FTM29MRM, 2017 WL 5125884, *3 (M.D. Fla. Oct. 3, 2017), *report and recommendation adopted*, No. 217CV385FTM29MRM, 2017 WL 5069051 (M.D. Fla. Nov. 3, 2017); *see Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (noting that general releases may be permissible if a plaintiff "is given compensation in addition to that which she is entitled under the FLSA").

Here, the parties make clear that Plaintiffs are receiving an additional $500 each in consideration in exchange for those three clauses being in the Settlement Agreement. Dkt. 56 at 7. Thus, the inclusion of the general release, confidentiality clause, and non-disparagement clause does not prevent the Settlement Agreement from being fair and reasonable.

**C. The award of attorney's fees and costs is reasonable.**

Turning to the reasonableness of the attorney's fees and costs, in the amount of $4,000.00 in fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 56 at 7. The Court finds that the amount is reasonable on its face, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed

upon separately and without regard to the amounts paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228.

Nevertheless, the fee award appears reasonable even under a lodestar analysis. Counsel represents that his billable rate is $450 hour, Dkt. 42, which the Court finds is reasonable in view of the rates typically charged in this district for attorneys with similar experience. Counsel also represents that he has performed over seventeen (17) hours of work on this matter, Dkt. 42, which is not excessive in this case. Because the proposed award is significantly less than the lodestar amount, the $4,000.00 award in attorney's fees and costs is reasonable. The Court therefore approves $4,000.00 in attorney's fees and costs.

## IV.   CONCLUSION

In view of the above, the Court concludes that the proposed settlement agreement is fair and reasonable. It is therefore **ORDERED**:

1. The Joint Motion for Approval of Settlement and Dismissal with Prejudice (Dkt. 56) is **GRANTED**;

2. This case is dismissed with prejudice; and

3. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida, on November 8, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

- 9 -

Copies to:

Counsel of Record